## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **BARRY DONAGHEY AND** | ) |
| **DIANE DONAGHEY,** | ) |
| **Plaintiffs,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **BUFFALO BILLS, INC.,** | ) |
| **THE APEX GROUP, INC.,** | ) |
| **AND CONTEMPORARY SERVICES CORP.,** | ) |
| **Defendants** | ) |

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

## PARTIES

1.  The Plaintiff, Barry Donaghey, is a citizen of Woburn, Massachusetts, and brings this action in his individual capacity.

2.  The Plaintiff, Diane Donaghey, is a citizen of Woburn, Massachusetts, and brings this action in her individual capacity.

3.  The Defendant, Buffalo Bills, Inc., is a corporation having its principal place of business at One Bills Drive, Orchard Park, New York 14127.

4.  The Defendant, The Apex Group, Inc., is a corporation having its principal place of business at 17101 Superior Street, Northridge, California 91325.

5.  The Defendant, Contemporary Services Corp., is a corporation having its principal place of business at 17101 Superior Street, Northridge, California 91325.

## JURISDICTION AND VENUE

6.  Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 5 above, as if expressly rewritten and set forth herein.

7.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

8.    Venue is proper pursuant to 28 U.S.C. § 1391(a)(3) and § 1391(b)(2).

## FACTS COMMON TO ALL COUNTS

### The Incident

9.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 8 above, as if expressly rewritten and set forth herein.

10.   On or about October 22, 2006, the Plaintiff, Barry Donaghey, and his then pregnant wife, Plaintiff, Diane Donaghey, attended a football game at Ralph Wilson Stadium in Orchard Park, New York, between the Buffalo Bills and the New England Patriots.

11.   Following the game, the Plaintiffs returned to their vehicle, located in the Toyota Tundra Lot of Ralph Wilson Stadium, between Sections 5 and 6.

12.   Plaintiff, Barry Donaghey was wearing a New England Patriots jacket and a Boston Red Sox hat at the time.

13.   While waiting at their car for traffic to subside, Plaintiff, Barry Donaghey, walked approximately 50-75 yards to use a nearby port-a-potty.

14.   While using the port-a-potty, Plaintiff, Barry Donaghey, felt what sounded and felt like rocks being thrown at the structure.

15.   As Plaintiff, Barry Donaghey, left the port-a-potty, he was attacked without provocation by several males, and was punched, kicked, and struck by a chair.

16.   The mob swelled to approximately 15-20 people and the assault upon Plaintiff, Barry Donaghey, continued.

17.   Plaintiff, Barry Donaghey, attempted to move towards his car as he was being beaten, and his wife, Plaintiff, Diane Donaghey, then saw what was happening to her husband and she began screaming for help.

18.   When Plaintiff, Diane Donaghey, attempted to assist her husband, she was physically restrained by one of the assailants.

19.    The beating went on for at least 15-20 minutes.

20.    Plaintiff, Barry Donaghey, was saved only because his wife and several good Samaritans were finally able to pull him away from the mob and into the Donaghey vehicle.

21.    The Donaghey vehicle moved out of the parking lot while the mob continued to pummel the car.

22.    Throughout this horrific episode, no security personnel came to the Plaintiffs' assistance.

23.    In fact, it was not until the Donagheys reached the main exit that they were able to find any police or security personnel.

24.    As a result of the incident, Plaintiff, Barry Donaghey, was immediately taken to an emergency room with a swollen head and multiple contusions. CT revealed a mass in his head. X-rays revealed a broken finger and thumb. He remained overnight at Mercy Ambulatory Care Center in New York. Upon his return home to Massachusetts, Mr. Donaghey required surgery to both hands.

25.    As a result of the incident, Plaintiff, Diane Donaghey, also suffered physical injury, specifically bruising to her wrist when she was grabbed by one of her husband's attackers. She also suffered severe emotional distress from witnessing the attack upon her husband.

## The Parking Lot

26.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 25 above, as if expressly rewritten and set forth herein.

27.    Ralph Wilson Stadium is located upon property owned by the County of Erie and leased to the Defendant, the Buffalo Bills, Inc.

28.    Article 9, § 9.1 of the Stadium Lease, which was in effect at the time of the subject incident between Erie County Stadium Corporation and the Defendant, Buffalo Bills, Inc., reads as follows:

> 9.1 General Operation of the Stadium Complex. Subject to the terms and conditions of this Stadium Lease, including, but not limited to, **Section 10.1** of this Stadium Lease, *the Bills shall have the exclusive right, power, authority and obligation to direct all aspects of the operation, repair, maintenance, management and control of the Stadium Complex at all times during the Term* .... Without limiting the generality of the foregoing and without limiting the County's, the [Erie County Stadium

Corporation]'s and the Bills rights and obligations set forth elsewhere in this Stadium Lease, during the Term, *the Bills shall perform the following:*

…

(h) *Contract for an manage all security personnel and systems for the Stadium Complex* and otherwise control all aspects of access (including restricting access) to the Stadium Complex;

29.     Pursuant to the Stadium Lease, the Defendant, the Buffalo Bills, Inc. had the exclusive obligation to provide security in the Stadium Complex, the definition of which includes the parking lots.

30.     The Agreement for Security Services at Ralph Wilson Stadium, which was in effect at the time of this incident, indicates that the Defendant, The Apex Group, Inc., was to provide uniformed, unarmed and armed off-duty law enforcement offices for events at Ralph Wilson Stadium.

31.     The Agreement for Crowd Management Services at Ralph Wilson Stadium, which was in effect at the time of this incident, indicates that the Defendant, Contemporary Services Corporation, would provide crowd management services at the stadium.

## COUNT I
## NEGLIGENCE VS. THE DEFENDANT,
## BUFFALO BILLS, INC.

32.     Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 31 above, as if expressly rewritten and set forth herein.

33.     On or about October 22, 2006, the Plaintiffs were lawfully on the premises known as Ralph Wilson Stadium which, at the time, was leased by the Defendant, Buffalo Bills, Inc.

34.     While Plaintiff, Barry Donaghey was lawfully on said premises, he was assaulted by a mob of persons, without provocation.   This assault lasted for a minimum of 15-20 minutes.

35.     As a direct and proximate result of the assault, the Plaintiffs sustained severe and permanent physical and emotional injuries.

36.     The above-described incident occurred, in part, because the Defendant, Buffalo Bills, Inc., failed to exercise reasonable care to ensure the safety of the Plaintiff, Barry Donaghey, under the circumstances that then and there existed.

37.   The above-described incident also occurred, in part, because the Defendant, Buffalo Bills, Inc., failed to exercise reasonable care by failing to act in a proper fashion, or in any fashion for that matter, once the above-described assault began.

38.   The Defendant, Buffalo Bills, Inc., owed a duty of care to the Plaintiffs, a duty which the Defendant breached, proximately causing the Plaintiffs' injuries.

39.   As a direct and proximate result of the negligence, carelessness, and recklessness of the Defendant, Buffalo Bills, Inc., the Plaintiffs suffered serious bodily injury, great pain and suffering of body and mind, incurred medical care and attendance, and otherwise endured interference with their ordinary enjoyment of life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Buffalo Bills, Inc., for a sum sufficient and proper to compensate them for their losses, which amount is in excess of $75,000, and the Plaintiffs also demand interest and costs of this action.

## COUNT II
## NEGLIGENCE VS. THE DEFENDANT,
## THE APEX GROUP, INC.

40.   Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 39 above, as if expressly rewritten and set forth herein.

41.   On or about October 22, 2006, the Plaintiffs were lawfully on the premises known as Ralph Wilson Stadium which, at the time, was leased by the Defendant, Buffalo Bills, Inc.

42.   The Agreement for Security Services at Ralph Wilson Stadium, which was in effect at the time of this incident, indicates that the Defendant, The Apex Group, Inc., was to provide uniformed, unarmed and armed off-duty law enforcement offices for events at Ralph Wilson Stadium.

43.   While Plaintiff, Barry Donaghey was lawfully on said premises, he was assaulted by a mob of persons, without provocation. This assault lasted for a minimum of 15-20 minutes.

44.   As a direct and proximate result of the assault, the Plaintiffs sustained severe and permanent physical and emotional injuries.

45.   The above-described incident occurred, in part, because the Defendant, The Apex Group, Inc., failed to exercise reasonable care to ensure the safety of the Plaintiff, Barry Donaghey, under the circumstances that then and there existed.

46. The above-described incident also occurred because the Defendant, The Apex Group, Inc., failed to exercise reasonable care by failing to act in a proper fashion, or in any fashion for that matter, once the above-described assault began.

47. The Defendant, The Apex Group, Inc., owed a duty of care to the Plaintiffs, a duty which the Defendant breached, proximately causing the Plaintiffs' injuries.

48. As a direct and proximate result of the negligence, carelessness, and recklessness of the Defendant, The Apex Group, the Plaintiffs suffered serious bodily injury, great pain and suffering of body and mind, incurred medical care and attendance, and otherwise endured interference with their ordinary enjoyment of life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, The Apex Group, Inc., for a sum sufficient and proper to compensate them for their losses, which amount is in excess of $75,000, and the Plaintiffs also demand interest and costs of this action.

## COUNT III
## NEGLIGENCE VS. THE DEFENDANT, CONTEMPORARY SERVICES CORPORATION

49. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 48 above, as if expressly rewritten and set forth herein.

50. On or about October 22, 2006, the Plaintiffs were lawfully on the premises known as Ralph Wilson Stadium which, at the time, was leased by the Defendant, Buffalo Bills, Inc.

51. The Agreement for Crowd Management Services at Ralph Wilson Stadium, which was in effect at the time of this incident, indicates that the Defendant, Contemporary Services Corporation, would provide crowd management services at the stadium.

52. While Plaintiff, Barry Donaghey was lawfully on said premises, he was assaulted by a mob of persons, without provocation. This assault lasted for a minimum of 15-20 minutes.

53. As a direct and proximate result of the assault, the Plaintiffs sustained severe and permanent physical and emotional injuries.

54. The above-described incident occurred, in part, because the Defendant, Contemporary Services Corporation, failed to exercise reasonable care to ensure the safety of the Plaintiff, Barry Donaghey, under the circumstances that then and there existed.

55. The above-described incident also occurred because the Defendant, Contemporary Services Corporation, failed to exercise reasonable care by failing to act in a proper fashion, or in any fashion for that matter, once the above-described assault began.

56. The Defendant, Contemporary Services Corporation, owed a duty of care to the Plaintiffs, a duty which the Defendant breached, proximately causing the Plaintiffs' injuries.

57. As a direct and proximate result of the negligence, carelessness, and recklessness of the Defendant, Contemporary Services Corporation, the Plaintiffs suffered serious bodily injury, great pain and suffering of body and mind, incurred medical care and attendance, and otherwise endured interference with their ordinary enjoyment of life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Contemporary Services Corporation, for a sum sufficient and proper to compensate them for their losses, which amount is in excess of $75,000, and the Plaintiffs also demand interest and costs of this action.

## COUNT IV
## NEGLIGENT SECURITY VS. THE DEFENDANT,
## BUFFALO BILLS, INC.

58. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 57 above, as if expressly rewritten and set forth herein.

59. At the time of the subject assault, the Defendant, Buffalo Bills, Inc., held a duty to provide reasonable security to protect persons at Ralph Wilson Stadium, as well as persons in the parking lot(s) outside the stadium, such as the Plaintiffs.

60. The Defendant, Buffalo Bills, Inc.'s, negligent security was the proximate cause of the incident at issue, as well as the Plaintiffs' injuries.

58. The Defendant, Buffalo Bills, Inc.'s, negligence was a substantial factor in the Plaintiffs' injuries.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Buffalo Bills, Inc., for a sum sufficient and proper to compensate them for their losses, which amount is in excess of $75,000, and the Plaintiffs also demand interest and costs of this action.

## COUNT V
## NEGLIGENT SECURITY VS. THE DEFENDANT,
## THE APEX GROUP, INC.

59. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in

paragraphs 1 through 58 above, as if expressly rewritten and set forth herein.

60.    At the time of the subject assault, the Defendant, The Apex Group, held a duty to provide reasonable security to protect persons at Ralph Wilson Stadium, as well as persons in the parking lot(s) outside the stadium, such as the Plaintiffs.

61.    The Defendant, The Apex Group, Inc.'s, negligent security was the proximate cause of the incident at issue, as well as the Plaintiffs' injuries.

62.    The Defendant, The Apex Group, Inc.'s, negligence was a substantial factor in the Plaintiffs' injuries.

WHEREFORE, the Plaintiffs demand judgment against Defendant, The Apex Group, Inc., for a sum sufficient and proper to compensate them for their losses, which amount is in excess of $75,000, and the Plaintiffs also demand interest and costs of this action.

## COUNT VI
## NEGLIGENT SECURITY VS. THE DEFENDANT,
## CONTEMPORARY SERVICES CORPORATION

63.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 62 above, as if expressly rewritten and set forth herein.

64.    At the time of the subject assault, the Defendant, Contemporary Services Corporation, held a duty to provide reasonable security to protect persons at Ralph Wilson Stadium, as well as persons in the parking lot(s) outside the stadium, such as the Plaintiffs.

65.    The Defendant, Contemporary Services Corporation's, negligent security was the proximate cause of the incident at issue, as well as the Plaintiffs' injuries.

66.    The Defendant, Contemporary Services Corporation's, negligence was a substantial factor in the Plaintiffs' injuries.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Contemporary Services Corporation, for a sum sufficient and proper to compensate them for their losses, which amount is in excess of $75,000, and the Plaintiffs also demand interest and costs of this action.

## COUNT VII
## NEGLIGENT HIRING VS. THE DEFENDANT,
## BUFFALO BILLS, INC.

67.    Plaintiff repeat, re-allege and incorporate by reference the allegations contained in
        paragraphs 1 through 66 of this Complaint, as if expressly rewritten and set forth herein.

68.    There exists a duty to exercise reasonable care in hiring and/or contracting with
        individuals who, because of the type of employment, may pose a threat of injury to
        members of the public, either through omission or commission of an act.

69.    Since the negligent security on the part of the Defendants, The Apex Group, Inc. and
        Contemporary Services Corporation, was the proximate cause of the assault against the
        Plaintiffs, it follows that the Defendant, Buffalo Bills, Inc., should be held liable for their
        negligent hiring/contracting of said security entities.

        WHEREFORE, the Plaintiffs demand judgment against Defendant, Buffalo Bills, Inc., for
a sum sufficient and proper to compensate them for their losses, which amount is in excess of
$75,000, and the Plaintiffs also demand interest and costs of this action.

## COUNT VIII
## NEGLIGENT HIRING VS. THE DEFENDANT,
## THE APEX GROUP

70.    Plaintiff repeat, re-allege and incorporate by reference the allegations contained in
        paragraphs 1 through 69 of this Complaint, as if expressly rewritten and set forth herein.

71.    There exists a duty to exercise reasonable care in hiring and/or contracting with
        individuals who, because of the type of employment, may pose a threat of injury to
        members of the public, either through omission or commission of an act.

72.    Since the negligent security on the part of the Defendant, The Apex Group, Inc., was the
        proximate cause of the assault against the Plaintiffs, it follows that The Apex Group, Inc.
        should be held liable for their negligent hiring/contracting of their own security officers,
        employees, contractors, and the like.

        WHEREFORE, the Plaintiffs demand judgment against Defendant, The Apex Group,
Inc., for a sum sufficient and proper to compensate them for their losses, which amount is in
excess of $75,000, and the Plaintiffs also demand interest and costs of this action.

## COUNT IX
## NEGLIGENT HIRING VS. THE DEFENDANT,
## CONTEMPORARY SERVICES CORPORATION

73.    Plaintiff repeat, re-allege and incorporate by reference the allegations contained in

paragraphs 1 through 72 of this Complaint, as if expressly rewritten and set forth herein.

74. There exists a duty to exercise reasonable care in hiring and/or contracting with individuals who, because of the type of employment, may pose a threat of injury to members of the public, either through omission or commission of an act.

75. Since the negligent security on the part of the Defendant, Contemporary Services Corporation, was the proximate cause of the assault against the Plaintiffs, it follows that Contemporary Services Corporation should be held liable for their negligent hiring/contracting of their own security officers, employees, contractors, and the like.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Contemporary Services Corporation, for a sum sufficient and proper to compensate them for their losses, which amount is in excess of $75,000, and the Plaintiffs also demand interest and costs of this action.

## COUNT X
## NEGLIGENT SUPERVISION AND RETENTION VS. THE DEFENDANT, THE APEX GROUP, INC.

76. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 75 of this Complaint, as if expressly rewritten and set forth herein.

77. There exists a duty on the part of employers to provide the necessary monitoring to ensure that employees perform their duties properly.

78. The Defendant, The Apex Group, Inc., breached its duty of care by failing to properly supervise and retain suitable and competent employees, including but not limited to security officers, guards, and the like.

79. As a direct and proximate result of the negligence of the Defendant, The Apex Group, Inc., the Plaintiffs were caused to suffer severe bodily injuries, great pain and suffering of body and mind, and incurred the cost of medical care and attendance.

WHEREFORE, the Plaintiffs demand judgment against Defendant, The Apex Group, Inc., for a sum sufficient and proper to compensate them for their losses, which amount is in excess of $75,000, and the Plaintiffs also demand interest and costs of this action.

## COUNT XI
## NEGLIGENT SUPERVISION AND RETENTION VS. THE DEFENDANT, CONTEMPORARY SERVICES CORPORATION

80.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in
       paragraphs 1 through 79 of this Complaint, as if expressly rewritten and set forth herein.

81.    There exists a duty on the part of employers to provide the necessary monitoring to ensure
       that employees perform their duties properly.

82.    The Defendant, Contemporary Services Corporation, breached its duty of care by failing
       to properly supervise and retain suitable and competent employees, including but not
       limited to security officers, guards, and the like.

83.    As a direct and proximate result of the negligence of the Defendant, Contemporary
       Services Corporation, the Plaintiffs were caused to suffer severe bodily injuries, great
       pain and suffering of body and mind, and incurred the cost of medical care and
       attendance.

       WHEREFORE, the Plaintiffs demand judgment against Defendant, Contemporary
Services Corporation, for a sum sufficient and proper to compensate them for their losses, which
amount is in excess of $75,000, and the Plaintiffs also demand interest and costs of this action.

## COUNT XII
## NEGLIGENT TRAINING VS. THE DEFENDANT,
## THE APEX GROUP, INC.

84.    Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in
       paragraphs 1 through 83 of this Complaint, as if expressly rewritten and set forth herein.

85.    There exists a duty on the part of employers to prevent their employees from engaging in
       the acts that could injure the public, either by said employees' omissions or commissions.

86.    The Defendant, The Apex Group, Inc., breached its duty of care by failing to properly
       train its employees, including but not limited to the employees/contractors working at the
       Ralph Wilson Stadium, as well as the surrounding parking lots, at the time of the subject
       assault.

87.    As a direct and proximate result of the negligence of the Defendant, The Apex Group,
       Inc., the Plaintiffs were caused to suffer severe bodily injuries, great pain and suffering of
       body and mind, and incurred the cost of medical care and attendance.

       WHEREFORE, the Plaintiffs demand judgment against Defendant, The Apex Group,
Inc., for a sum sufficient and proper to compensate them for their losses, which amount is in
excess of $75,000, and the Plaintiffs also demand interest and costs of this action.

## COUNT XIII
## NEGLIGENT TRAINING VS. THE DEFENDANT,
## CONTEMPORARY SERVICES CORPORATION

88.   Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 87 of this Complaint, as if expressly rewritten and set forth herein.

89.   There exists a duty on the part of employers to prevent their employees from engaging in the acts that could injure the public, either by said employees' omissions or commissions.

90.   The Defendant, Contemporary Services Corporation, breached its duty of care by failing to properly train its employees, including but not limited to the employees/contractors working at the Ralph Wilson Stadium, as well as the surrounding parking lots, at the time of the subject assault.

91.   As a direct and proximate result of the negligence of the Defendant, Contemporary Services Corporation, the Plaintiffs were caused to suffer severe bodily injuries, great pain and suffering of body and mind, and incurred the cost of medical care and attendance.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Contemporary Services Corporation, for a sum sufficient and proper to compensate them for their losses, which amount is in excess of $75,000, and the Plaintiffs also demand interest and costs of this action.

## COUNT XIV
## EMOTIONAL DISTRESS VS. THE DEFENDANTS,
## BUFFALO BILLS, INC., THE APEX GROUP,
## AND CONTEMPORARY SERVICES CORPORATION

92.   Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 91 of this Complaint, as if expressly rewritten and set forth herein.

93.   As a direct and proximate result of the negligence of the Defendants, the Plaintiffs sustained emotional distress.

WHEREFORE, the Plaintiffs demand judgment against Defendants, Buffalo Bills, Inc., The Apex Group, Inc., and Contemporary Services Corporation, for a sum sufficient and proper to compensate them for their losses, which amount is in excess of $75,000, and the Plaintiffs also

demand interest and costs of this action.

## JURY DEMAND

The Plaintiffs hereby demand a trial by jury on all claims so triable.

## PRAYER FOR DAMAGES

WHEREFORE, the Plaintiffs demands that this Honorable Court:

1.    Award the Plaintiffs compensatory damages;

2.    Award the Plaintiffs costs herein, together with reasonable attorney's fees; and

3.    Grant such alternative or additional relief as is necessary, just or proper, to correct
      the wrong done to the Plaintiffs.

Dated: February 26, 2009

                              Respectfully submitted,
                              Plaintiffs, Barry Donaghey and Diane Donaghey,
                              By their attorney,


                              Daniel J. Moynihan, Jr., Esq.
                              269 Main Street
                              Woburn, MA 01801
                              BBO #546346


                              Barry Donaghey, Plaintiff


                              Diane Donaghey, Plaintiff